## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRIDGET NORRIS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No.: SAG-22-0687** |
| | * | |
| **SHEPPARD PRATT HEALTH** | * | |
| **SYSTEM, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Bridget Norris ("Plaintiff"), who is self-represented, filed this action against Sheppard Pratt Health System, Inc. ("Sheppard Pratt") alleging race discrimination, hostile work environment, and retaliation. ECF 1. Sheppard Pratt has filed a motion to dismiss, claiming among other arguments that Plaintiff's Complaint is untimely. ECF 15. Despite receiving a Rule 12/56 letter from the Court advising of the possible consequences of failure to respond to the dispositive motion, Plaintiff has not filed any response. For the reasons described below, Sheppard Pratt's motion must be granted.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 11, 2021, alleging race discrimination because she had been furloughed during the pandemic when white employees had not. ECF 15-2. The EEOC mailed Plaintiff a 90-day right to sue letter, which she received on September 3, 2021, according to the allegations in her Complaint. ECF 1 at 9. As such, Plaintiff had to file her Complaint in Court on or before December 2, 2021, for it to be timely. Plaintiff did not file her Complaint in the instant matter until March 21, 2022, more than three months too late.

Title VII discrimination claims must be filed within 90 days of receipt of a right to sue letter, 42 U.S.C. § 2000e–5(f)(1), and that deadline is strictly enforced.  *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Moulden v. Tangherlini*, RDB-14-3506, 2015 WL 8757609, at *2 (D. Md. Dec. 15, 2015) ("Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*."); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (describing that a complaint filed ninety-one days after receipt of notice was untimely).  While equitable tolling can be available, it applies "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'"  *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, the complainant has been induced or tricked . . . into allowing the filing deadline to pass.  In the second, 'extraordinary circumstances beyond the plaintiffs' control made it impossible to file the claims on time.'" (citations omitted)).

Plaintiff does not allege any type of inducement or trickery.  Instead, she attaches information regarding the apparent failure of an attorney she retained to perform work on her case or to file her Complaint by the deadline.  ECF 1 at 1-2.  An attorney's negligence does not constitute an "extraordinary circumstance" warranting equitable tolling.  *See Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000) ("In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); *Gayle v. United Parcel Service*, 401 F.3d 222, 227 (4th Cir. 2005) ("Many attorney mistakes are innocent

in that they involve oversights or miscalculations attributable in some part to the sheer press of business.  To accept such mistakes as a ground for equitable tolling, however, would over time consign filing deadlines and limitations periods to advisory status.").  Other circuits agree.  *See Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." (internal quotation marks omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition less than a week before it was due); *Gilbert by Gilbert v. Sec. of Health & Human Servs.*, 51 F.3d 254, 257 (Fed. Cir. 1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling."). Thus, the failures of Plaintiff's former attorney do not provide a viable basis for equitable tolling. And without any basis for equitable tolling, Plaintiff's claims are time-barred.[1]

Accordingly, Sheppard Pratt's motion must be granted, and Plaintiff's Complaint must be dismissed.  A separate Order follows.

Dated: June 7, 2022                                 /s/
                                                Stephanie A. Gallagher
                                                United States District Judge

---

[1] Additionally, Plaintiff's Complaint in this Court includes an apparent hostile work environment claim premised on comments made by her supervisor during her employment.  ECF 1 at 9.  That claim is subject to dismissal because she failed to exhaust her administrative remedies by including those allegations in her EEOC charge, which she filed on January 11, 2021, months after her furlough.  *See* ECF 15-2.